ELLA HOUSE v. SOUTHERN RAILWAY COMPANY.

(Filed 27 April, 1910.)

1. **Master and Servant—Safe Place to Work—Appliances—Duty of Employer—Rule—Proximate Cause.**

The rule requiring the employer of labor to provide for his employees a reasonably safe place to work and appliances reasonably safe and suitable for the work in which they are engaged, obtains in case of machinery more or less complicated, and more especially driven by mechanical power, and does not apply to ordinary conditions requiring no special care, preparation or prevision, the defects readily observable and the injury unlikely to be anticipated; the distinction being that in the latter instances the element of proximate cause is ordinarily lacking.

2. **Same—Unlikely Results.**

One who is employed to clean out defendant railroad company's passenger coach cannot recover damages caused by her hand slipping through a glass of a window she was instructed to raise, the negligence complained of being that the coach had just been repaired and the windows left so tight she had to exert unusual force, and that the lift on the window. necessary to be used, had been worn smooth and was unfit for the purpose.

APPEAL from *Long, J.,* at November Term, 1909, of IREDELL.

On issues submitted the jury rendered the following verdict:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff by her own negligence contribute to her own injury? Answer: No.

"3. What damages, if any, has the plaintiff sustained? Answer: $700."

Motion to dismiss as on judgment of nonsuit formally entered and renewed at close of entire testimony; motion denied, and defendant excepted. Judgment on verdict for plaintiff, and defendant excepted and appealed. The facts are further stated in the opinion of the Court.

*G. W. Garland* and *Armfield & Turner* for plaintiff.
*L. C. Caldwell* for defendant.

HOKE, J. The plaintiff set forth her cause of action in the complaint as follows:

"(2) That on the .... day of December, 1906, the plaintiff was in the employ of the defendant as a servant, at Salisbury, and engaged in cleaning passenger coaches of the defendant for a valuable consideration; that on the aforesaid day of December, 1906, while the plaintiff was at work, as aforesaid, in the per-

formance of her duties upon a car belonging to the defendant, she was ordered and directed by the defendant to raise the windows of the car, one of which had just been repaired by the defendant, but had been repaired in such a negligent manner that when plaintiff attempted to raise the said window the defendant had carelessly permitted it to become so fastened and tight when she undertook to raise it she had to exert an unusual amount of force, and in doing so her hand slipped and went through the windowpane, breaking the glass and cutting her arm and hand, whereby she was made to suffer mental agony, bodily pain and was permanently injured; (3) that the pull provided by the defendant, which it was necessary for the plaintiff to use in raising said window, had become worn smooth and unsafe for the purpose for which it was provided, thereby causing plaintiff's hand to more easily slip when it became necessary for her to exert unusual force in raising the said window;" and offered evidence tending to sustain it; and on this statement the Court is of opinion that the motion to dismiss as on judgment of nonsuit should have been allowed.

We have repeatedly decided that an employer of labor is required to provide for his employees a reasonably safe place to work, and to supply them with implements and appliances reasonably safe and suitable for the work in which they were engaged. As stated in *Hicks v. Manufacturing Co.,* 138 N. C., 319-325, and other cases of like import, the principle more usually obtains in the case of "machinery more or less complicated, and more especially when driven by mechanical power"; and does not, as a rule, apply to the use of ordinary everyday tools, nor to ordinary everyday conditions, requiring no special care, preparation or prevision; where the defects are readily observable, and where there was no good reason to suppose that the injury complained of would result.

The reason for the distinction will ordinarily be found to rest on the fact that the element of proximate cause is lacking; defined in some of the decisions as "the doing or omitting to do an act which a person of ordinary prudence could foresee would naturally or probably produce the injury." *Brewster v. Elizabeth City,* 137 N. C., 392.

These windows not infrequently become tightened from different causes, and, while it may be a great inconvenience and should perhaps be given more attention than it receives, no one would say that an injury of this character would ordinarily arise or be likely to ensue, and, therefore, no actionable wrong has been established.

Our decisions on this subject are also against the plaintiff.

*Dunn v. R. R.,* 151 N. C., 313; *Farris v. R. R.,* 151 N. C., 483. In *Dunn's case* plaintiff was injured by an ordinary sledge-hammer flying from the helve just as a coemployee, in the line of his duty, was in the act of striking with it; and the Court held:

"When in the ordinary and everyday use of a tool, simple in structure, an injury is caused an employee by a defect in it, which was not observed by him after working with it for several hours, the employer is not liable in damages by reason of the defect alone; and when an injury was thus caused to the plaintiff by the unexpected flying off of a striking-hammer used by another in striking a riveting-hammer held by him while riveting bands together in the course of his employment, the employer is not responsible in damages for plaintiff's resultant injury."

There was error in refusing defendant's motion for nonsuit, and same must be reversed.

Reversed.