## KILDAY v. JAHNCKE DRY DOCK & SHIP REPAIR CO., Inc., et al.

(Circuit Court of Appeals, Fifth Circuit.    May 2, 1922.)

No. 3855.

**Master and servant ⬤⇒101, 102(5)—Master's duty inapplicable to simple tools.**
    The general rule that it is the duty of the master to supply the servant with safe tools and appliances does not apply to simple tools and appliances, such as a chisel, and no different rule obtains in Louisiana.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Libel in admiralty by Thomas F. Kilday against the Jahncke Dry Dock & Ship Repair Company, Inc., and another. From a decree sustaining an exception to the libel, plaintiff appeals. Affirmed.

Paul W. Maloney, of New Orleans, La., for appellant.

Gordon Boswell, Jos. M. Rault, and George H. Terriberry, all of New Orleans, La. (Terriberry, Rice & Young, of New Orleans, La., of counsel), for appellees.

Before WALKER, BRYAN and KING, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree dismissing appellant's libel. The libel seeks to recover damages for personal injuries, and alleges that appellant, a boiler maker by trade, was employed in that capacity by the appellee Jahncke Dry Dock & Ship Repair Company to do some repair work on the boiler of the steamship Chalmette, owned by the appellee the Southern Pacific Company; that, while appellant in the course of his employment was engaged in cutting rivets, a piece of the cutting edge of a chisel which he was using broke off and struck him in the eye; that the chisel was defective, "because it broke"; and that the defect was latent. The negligence charged was the failure to test the chisel. The court sustained an exception to the libel.

The general rule that it is the duty of the master to supply the servant with safe tools and appliances is subject to a well-established exception in case of common and simple tools and appliances. Upon the theory and for the reason that the servant has as good opportunity for ascertaining defects in simple tools, such as a chisel, as the master has, the law relieves the master of the duty which it imposes upon him, where he furnishes complicated tools or machinery for the use of his servant. We are of opinion, therefore, that the decree of the court below was correct. The cases will be found collected in notes appearing in 13 L. R. A. (N. S.) 668 and 676, and in 40 L. R. A. (N. S.) 832. See, also, 18 R. C. L. 563.

It is contended by appellant that a different rule obtains in Louisiana, but the cases cited by him fail, in our opinion, to sustain that contention.

The decree is affirmed.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes