M. V. CLEMENT v. CANNON MILLS COMPANY.

(Filed 4 December, 1929.)

**Master and Servant C b—Evidence of master's negligence in failing to provide safe tools and place to work held insufficient.**

> Where there is evidence in a personal injury suit that the plaintiff was ordered to tighten certain nuts on a piece of power-driven machinery operated by pulley belts, and was given a wrench for the purpose, and that the wrench slipped from a nut, throwing the plaintiff's arm against the belt and injuring him : *Held,* in the absence of evidence tending to show a defect either in the wrench or the nut or that the plaintiff had not been furnished a reasonably safe place to work, the doctrine of "simple tools and appliances" applies, and the evidence is insufficient to take the case to the jury, it being required that the plaintiff under the circumstances use due care for his own safety, and a judgment as of nonsuit should have been entered.

APPEAL by defendant from *Finley, J.,* at May·Term, 1929, of DAVIE. Reversed.

Action to recover damages for personal injuries sustained by plaintiff while at work as an employee of defendant.

The jury found in response to the issues submitted to them that plaintiff was injured by the negligence of defendant as alleged in the complaint, and that plaintiff did not contribute to his injuries by his own negligence.

From judgment that plaintiff recover of the defendant the sum assessed by the jury as his damages, defendant appealed to the Supreme Court.

*Walter E. Brock and B. C. Brock for plaintiff.*
*A. T. Grant and W. H. Beckerdite for defendant.*

CONNOR, J. Plaintiff was ordered by his foreman to tighten the nuts on the loom frames in defendant's mill. He undertook to do this work with a wrench furnished him by his foreman for that purpose. The wrench slipped off one of the nuts. Plaintiff's hand was caught by a belt and was injured. His arm was also injured. He alleges in his complaint that his injuries were caused by the negligence of defendant in failing to furnish him a safe place to work and proper tools with which to do the work required of him.

There was no evidence tending to show that the wrench or the nut from which the wrench slipped was defective, or that the place at which plaintiff was at work was not reasonably safe. Plaintiff testified that the wrench slipped because the nut was not a standard nut. This, however,

was his conclusion from the fact that the wrench slipped from this nut, and had not slipped from the other nuts which he had tightened. He did not see the nuts on the looms. He testified that the wrench fitted the other nuts, but did not fit the nut from which it slipped. This testimony was not sufficient to show that defendant was negligent as alleged in the complaint. The wrench was a simple tool, and the operation of tightening the nuts on the looms was a simple operation. By the exercise of reasonable care, plaintiff could have ascertained before he pulled or pushed the wrench, whether or not it had caught the nut. In the absence of evidence from which the jury could have found that there was some defect in the wrench or in the nut, or that the place at which plaintiff was ordered to work was not reasonably safe, defendant is not liable for damages resulting from his injuries. *Martin v. Manufacturing Co.,* 128 N. C., 264, 38 S. E., 876. There was error in the refusal of defendant's motion, at the close of all the evidence, for judgment as of nonsuit. The judgment is

Reversed.