**Annie Schneider**, Appellant, *v.* **Max Abrams**, Respondent.

First Department, January 10, 1930.

*Max Greenberger*, for the appellant.

*Harold M. Phillips*, for the respondent.

Martin, J. On the call of the calendar this action to recover damages because of personal injuries alleged to have been sustained through the negligence of the defendant was marked settled. Thereafter when the plaintiff learned of the proposed settlement, a motion was made to restore the case to the calendar for trial. That the plaintiff intended to try the case was shown by the fact that prior to the time the case appeared for trial the plaintiff's attorney retained trial counsel.

An offer to pay $150 in settlement of the action was thereafter made to trial counsel but was refused. It is alleged that counsel informed the managing clerk for defendant's attorney that his client would accept $200. It nowhere appears that this settlement was

authorized or that any amount was paid. The plaintiff says that she did not know of the offer of settlement at the time the case appeared on the calendar and was marked " Settled.' When informed of that fact she refused to consent to such a sett ement and never received or accepted any sum whatever and did not execute a general release.

The defendant asserts that the offer was made in good faith and was accepted by the plaintiff's duly authorized agent with the knowledge and consent of the plaintiff. If the sett ement was arranged as asserted by the defendant it is difficult to explain why no payment was made to the plaintiff or her attorney and why a release was not obtained from the plaintiff.

A duly authorized settlement may be enforced; a settlement not authorized may not be enforced. (*Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.*, 213 App. Div. 140; *Lewis* v. *Duane*, 141 N. Y. 302.)

The record before this court does not contain any evidence from which the conclusion may be drawn that the plaintiff authorized the settlement of the action for $200 or for any other sum. We are of the opinion that the Trial Term was not warranted in reaching such a conclusion.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to restore the case to the calendar granted, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.