JOSEPH H. TAYLOR v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 21 September, 1932.)

**Master and Servant C b—Wrench furnished employee held simple tool not requiring inspection by employer.**

A wrench furnished an employee is a simple tool requiring no inspection by the employer while in the employee's use and possession, and in the latter's action to recover damages for a personal injury alleged to have been caused by a defect therein he must introduce evidence tending to show that the defect existed at the time the wrench was given him by the employer or that the employer had notice of the defect prior to the injury.

APPEAL by plaintiff from *Cranmer, J.,* at February Term, 1932, of NASH. Affirmed.

McNEILL *v.* THOMAS.

This is an action to recover damages for personal injuries sustained by plaintiff while at work as an employee of defendant. It is alleged in the complaint that the injuries were caused by the negligence of the defendant with respect to the wrench furnished by the defendant, and used by the plaintiff in his work as a pipe-fitter.

From judgment dismissing the action, as of nonsuit, at the close of the evidence, plaintiff appealed to the Supreme Court.

*Cooley & Bone and J. W. Keel for plaintiff.*
*Thomas W. Davis and Spruill & Spruill for defendant.*

PER CURIAM. In the absence of evidence tending to show that the defendant was negligent with respect to the wrench furnished by the defendant and used by the plaintiff in his work, as an employee of the defendant, there was no error in the judgment dismissing the action as of nonsuit. C. S., 567.

There was no evidence tending to show that the wrench was defective at the time it was furnished by the defendant to the plaintiff; nor was there evidence tending to show that defendant had notice, prior to the time plaintiff was injured, while using the wrench in his work, that the wrench had become defective as the result of its continued use by the plaintiff. The wrench was a simple tool, and was in the continuous possession of the plaintiff from the time it was furnished to him by the defendant to the date of the injuries. The defendant owed no duty to plaintiff to inspect the wrench. *Mercer v. R. R.,* 154 N. C., 399, 70 S. E., 742. The judgment is supported by *Clement v. Cannon Mills,* 198 N. C., 43, 150 S. E., 630, and is

Affirmed.