# NEWBERN v. GREAT ATLANTIC & PACIFIC TEA CO.

## No. 3531.

Circuit Court of Appeals, Fourth Circuit.
Jan. 9, 1934.

B. H. Thomas and T. T. Thorne, both of Rocky Mount, N. C. (Alexander & Gold and T. A. Burgess, all of Rocky Mount, N. C., and Willis Briggs, of Raleigh, N. C., on the brief), for appellant.

Kemp D. Battle, of Rocky Mount, N. C. (Battle & Winslow, of Rocky Mount, N. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment sustaining a demurrer to the complaint in a personal injury action grounded on negligence. The complaint alleges that the plaintiff was an employee of defendant in one of its stores at Rocky Mount, N. C.; that defendant had rejected the provisions of the State Workmen's Compensation Law (Laws 1929, c. 120), and was therefore liable in damages for any negligence resulting in injury to plaintiff, without the benefit of any of the common-law defenses; and that plaintiff had sustained injury as a result of the negligence of the defendant.

While the complaint contained general allegations of negligence in failing to furnish a safe place to work and safe and suitable appliances for the use of plaintiff, these were limited by specific allegation that a floor scale furnished plaintiff for his use had become "defective, unsafe, and dangerous from its long use by the defendant, so that the wheels by the means of which said floor scale was moved from place to place in defendant's place of business were old, broken, in a dangerous and unsafe condition and not sufficient and adequate to enable it to be safely moved by the defendant's employees." And the negligence alleged was further limited in the language describing the happening which resulted in plaintiff's injury; that portion of the complaint being as follows:

"That during the middle of the morning and on or about the first day of September, 1931, the plaintiff in the regular course of his employment and while exercising due care attempted to move from one portion of said store to another the large and heavy floor scale hereinabove described, for the purpose of weighing an incoming load of meat, the property of the defendant, while in the attempted course of action outlined above the right hand front wheel of said floor scale unexpectedly and suddenly came off because of latent and other defects in said scale and wheel not observable or discoverable by the plaintiff in the exercise of ordinary care causing the front right hand side of said scale to drop to the floor and causing the left rear portion of it to fly up onto and against the inside of the left leg of this plaintiff."

The only question presented by the appeal is whether it was negligence on the part of defendant to provide for the use of plaintiff a floor or platform scale, one of the wheels of which was worn or defective. Defendant's contention is that the simple tool doctrine applies, and that under that doctrine it cannot be held guilty of negligence. Plaintiff, while denying that the simple tool doctrine is applicable, says that, if applicable, that doctrine is but an application of the defense of assumption of risk, which is not available in North Carolina to employers who reject the provisions of the State Workmen's Compensation Act. See Public Laws of N. C. of 1929, c. 120, § 15. It is clear that this statute does preclude a defense based upon assumption of risk; and, if there were negligence on the part of the defendant either in furnishing the scale or in failing to inspect it, defense on the ground that plaintiff knew of its condition and assumed the risk arising therefrom could not be sustained. On the other hand, there is nothing in the act which imposes liability in the absence of negligence. The sole question, therefore, is whether there was negligence in furnishing for the use of plaintiff a scale having a worn or defective wheel as alleged. We think this question must be answered in the negative.

It is elementary, of course, that the master is charged with the duty of using reasonable care in furnishing his employees with implements, tools, and appliances reasonably safe for the use for which they are intended, and of inspecting them from time to time to see that they remain in this reasonably safe condition. This duty arises because of the superior opportunity of the master to provide for the safety of the employee, and because the employee is required to work with the tools and appliances which the master has provided. The reason of the rule prescribes its limitations. It has no application, ordinarily, to tools which are so simple that defects will be readily observable by the employee, or to tools from the use

of which, even if defective, no danger is reasonably to be apprehended, although it does apply even to simple tools if they are to be used in such a way that their defective condition may result in danger. Cole v. S. A. L. Ry. Co., 199 N. C. 389, 154 S. E. 682; Thompson v. Oil Co., 177 N. C. 279, 98 S. E. 712.

■ The rule that the master is not ordinarily liable for defects in simple tools is based upon the idea that ordinarily the employee has better opportunity than the master to observe such defects and guard himself against them, and that the master should not be charged with the duty to care for the safety of an employee with respect to a matter as to which the employee is in better position to care for himself. See note to Vanderpool v. Partridge in 13 L. R. A. (N. S.) 668; 18 R. C. L. 548. But it is also to be observed that the nonliability of the master for defects in simple tools is based upon the fact that ordinarily, as in the case at bar, no danger to the employee is to be apprehended from defects therein which he cannot easily guard himself against. Ordinarily, they are reasonably safe for the use for which they are intended; and the duty of the master is not to furnish tools free of defects, but tools that are reasonably safe. This duty, therefore, is held to have relation ordinarily to machinery and appliances which are recognized as in their nature dangerous to employees using them or which are to be used in a manner which may result in danger if they are defective; and, where no danger is reasonably to be apprehended, no duty is held to exist. Lynn v. Glucose Sugar Refining Co., 128 Iowa, 501, 104 N. W. 577; Vanderpool v. Partridge, 79 Neb. 165, 112 N. W. 318, 13 L. R. A. (N. S.) 668; House v. Sou. Ry. Co., 152 N. C. 397, 67 S. E. 981. As said by the late Judge Hoke, speaking for the Supreme Court of North Carolina in the case last cited:

"We have repeatedly decided that an employer of labor is required to provide for his employees a reasonably safe place to work, and to supply them with implements and appliances reasonably safe and suitable for the work in which they were engaged. As stated in Hicks v. Manufacturing Co., 138 N. C. 319–325, 50 S. E. 703, 705, and other cases of like import, the principle more usually obtains in the case of 'machinery more or less complicated and more especially when driven by mechanical power'; and does not as a rule apply to the use of ordinary everyday tools, nor to ordinary everyday conditions, requiring no special care, preparation, or prevision, where the defects are readily observable, and where there was no good reason to suppose that the injury complained of would result."

■ It is well settled that, while it is the duty of the master, in exercise of reasonable care for the safety of the employee, to see that machinery and appliances which may cause injury to him are in reasonably safe condition, this duty does not ordinarily exist with respect to simple tools from the use of which no danger is reasonably to be apprehended or as to which the employee is in a better position than the master to discover defects. 39 C. J. 342, 419; 18 R. C. L. 563; Kilday v. Jahncke Dry Dock & Ship Repair Co. (C. C. A. 5th) 281 F. 133; O'Hara v. Brown Hoisting Mach. Co. (C. C. A. 3d) 171 F. 394; Middleton v. National Box Co. (D. C.) 38 F.(2d) 89; Taylor v. A. C. L. R. Co., 203 N. C. 218, 165 S. E. 357; Cole v. S. A. L. Ry. Co., 199 N. C. 389, 154 S. E. 682; Martin v. Highland Park Mfg. Co., 128 N. C. 264, 38 S. E. 876, 83 Am. St. Rep. 671; and see notes in 1 L. R. A. (N. S.) 949; 13 L. R. A. (N. S.) 668; 30 L. R. A. (N. S.) 800; 40 L. R. A. (N. S.) 832; 51 L. R. A. (N. S.) 337; L. R. A. 1918D, 1141. This is true, not because the employee assumes the risk of injury from defects in such tools, but because the possibility of injury is so remote as not to impose upon the master the duty of seeing that they are free from defects in the first instance or of inspecting them thereafter. The fact that the employee has better opportunity than the master to judge of the defects of such tools, that no inspection is necessary to discover such defects, and that no danger is to be apprehended which the employee cannot guard himself against, renders it unnecessary in ordinary cases that the master exercise with respect to simple tools the care that the law requires with respect to more complicated machinery. With respect to simple tools, ordinarily the master is not relieved of responsibility because the servant assumes the risk, but the servant assumes the risk because the master is relieved of responsibility, or, what is probably a more accurate statement, the same circumstances which establish assumption of risk on the part of the servant show that there is no duty on the part of the master. Assumption of risk by the servant does not necessarily imply negligence on the part of the master.

Two cases directly in point are Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98

526

So. 117, and Hedicke v. Highland Springs Co., 185 Minn. 79, 239 N. W. 896, 897. In both of these cases the simple tool doctrine was applied, although the defense of assumption of risk had been abolished by statute. In the case last cited the court said: "The burden is upon the employee to show that the neglect or failure of the employer to discharge some duty owing to the employee caused the injury for which damages are claimed. And, where nothing more is shown than an injury from some defect which the ordinary use of a simple tool or appliance is likely to develop therein, a prima facie proof of negligence is not made out against the employer, and no affirmative defenses are needed. Our decisions, moreover, predicate the simple tool doctrine upon the theory that as to such a tool the master owes the servant no duty to inspect for the purpose of discovering whether the ordinary use had produced some defect therein which would endanger the user. If there is no duty to discover and remedy such defects, of course, there can be no negligence inferred from the mere proof that defects developed in the use of a simple appliance. * * * So we think the law is established that no actionable negligence of an employer is shown when an employee is injured, from a defect resultant from the ordinary use of a simple tool or appliance. And it matters not what affirmative defenses the statute has deprived the employer of, the employee must prove negligence, if recovery is to be had for injuries received in the employment."

Certainly the North Carolina statute (Pub. Acts 1929, c. 120, § 15) denying to a defendant who has rejected the provisions of the State Workmen's Compensation Act the defense of assumption of risk cannot be held to have abolished the simple tool doctrine in that state; for North Carolina has consistently recognized the simple tool doctrine, as shown by the cases heretofore cited, although she has refused to recognize the doctrine that the servant assumes the risk of the master's negligence in failing to furnish safe appliances, except in the narrow class of cases where the danger resulting from such negligence is so great that no prudent man would continue to work in its presence. Pressly v. Yarn Mills, 138 N. C. 410, 51 S. E. 69, 71; Hicks v. Naomi Falls Mfg.

Co., 138 N. C. 319, 50 S. E. 703, 708. Of course, the assumption of risk of the master's negligence, as thus limited by the North Carolina courts, could not by any possibility embrace the simple tool doctrine; and it follows that that doctrine would not be abolished by a statute abolishing the defense of assumption of risk.

Applying these principles to the case before us, it is clear, we think, that the complaint fails to allege any actionable negligence on the part of the defendant. It is not necessary to go into the qualifications of the "simple tool" doctrine or to distinguish cases which have been held not to fall within it (See L. R. A. notes heretofore cited); for it is clear that the case here falls squarely within the principle of all of the cases which hold that the ordinary duty of the master to furnish his employee with tools and appliances reasonably safe for the use intended, and to see by reasonable inspection that they are kept safe, has no application to ordinary simple tools with which the employee is familiar and from the use of which no danger is reasonably to be apprehended. It is true that a scale is a somewhat complicated piece of machinery, in so far as the weighing apparatus is concerned; but there is nothing complicated about the small iron wheels, one of which was the cause of the trouble here, and no danger is to be apprehended either from the ordinary use of the scale or from rolling it about on the wheels with which it is provided. There was no duty, therefore, either to see that the wheels were in good condition in the first instance or to inspect them thereafter. If the wheels or the cotter pins had become worn, this was a condition which was as readily apparent to the employee using the scale as to any one else; and certainly it was not a condition from which danger to anyone was reasonably to be apprehended. We think, therefore, that plaintiff's injury must be held to be due to an accidental happening, and not to have resulted from any failure on the part of defendant to exercise the care for the safety of its employees which the law requires.

For the reasons stated, the judgment for the defendant on the demurrer will be affirmed.

Affirmed.