MAHER, Appellant, v. WAGNER, Respondent.

(252 N. W. 647.)

(File No. 7522. Opinion filed February 1, 1934.)

228

*Hayes & Hayes,* of Deadwood, for Appellant.

*John R. Russell* and *John T. Heffron,* both of Deadwood, for Respondent.

RUDOLPH, J. The plaintiff was employed by the defendant as a dishwasher in defendant's restaurant. The defendant had not complied with the Workmen's Compensation Law. (Rev. Code 1919, § 9436 et seq., as amended). At the time the plaintiff first commenced her work, there was among the utensils in the kitchen an instrument for cleaning and washing dishes known in the evidence as a "chore girl." This instrument was composed of a mesh of small copper wires and used for the purpose of removing food and grease from dishes and pans. The evidence disclosed that these instruments were sold throughout the Black Hills in grocery and hardware stores, and were in common use in the kitchens of homes and restaurants. The "chore girl," when furnished by defendant was new, but because of its use was "pretty well crumpled down and was flat; it was mashed and had stickers." About a week after the plaintiff went to work, she stuck one of the small copper wires of the "chore girl" into her finger and an infection resulted, which is the basis of this action. The case was tried to

a jury, and the trial court submitted the question of negligence of the plaintiff to the jury, and by specific instructions denied to the defendant any defense of contributory negligence or assumption of risk on behalf of the plaintiff. The jury returned a verdict in favor of the defendant. The plaintiff has appealed, assigning as error the reception of certain evidence, which evidence appellant contends went to the question of the contributory negligence of the plaintiff, and was therefore inadmissible and prejudicial, section 9444, Rev. Code 1919, denying to the defendant the defenses of contributory negligence and assumption of risk.

■ ■ In order to recover in this case, the plaintiff must establish actionable fault. Stevenson v. Douros, 58 S. D. 268, 235 N. W. 707. We are of the opinion that the evidence failed to establish any actionable fault on behalf of the plaintiff, and it follows, therefore, that the error complained of (if error) could not be prejudicial.

That the "chore girl" must be classified as a "simple tool" we think is without question. The tool is very simple; its condition may be seen at a glance; there is no complication whatever about it. See the following annotations: 13 L. R. A. (N. S.) 668; 40 L. R. A. (N. S.) 832; 51 L. R. A. (N. S.) 337.

It is very generally held that an employee cannot predicate a cause of action based upon negligence against his employer, if he is injured from a defective simple tool. See Brown v. Swift & Co., 91 Neb. 532, 136 N. W. 726; Stevens v. Hines, 110 Wash. 579, 188 P. 917; Kilday v. Jahncke Dry Dock Co. (C. C. A.) 281 F. 133; Royal v. White Oil Corp., 160 Ark. 467, 254 S. W. 819; Davis v. Plant (Sup.) 138 N. Y. S. 145; Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98 So. 117; Hedicke v. Highland Springs Co., 185 Minn. 79, 239 N. W. 896. In the case last above cited the Minnesota court was confronted with a fact situation almost identical to that which confronts us in this case. In that case the plaintiff, while unloading wooden crates, ran a sliver into one of his fingers; infection set in, and injury resulted. The Minnesota law, as our section 9444, denied to an employer, who had failed to comply with the Workmen's Compensation Law, the defenses of contributory negligence and assumption of risk. The Minnesota court held that there was no duty on the master to dis-

cover and remedy defects in simple tools, and that it followed that no neglect or failure of the employer to discharge some duty owing the employee had been established.

In this case, to charge the employer with negligence, under the fact situation here presented, would virtually require the employer to become an insurer against all defects that develop in the use of a tool or appliance, however simple it might be, and we are satisfied that such is not the law.

Some confusion has arisen due to the fact that some of the cases take the position that the simple tool doctrine is based, or finds the reason for its existence, upon the doctrine of "assumption of risk" by the employee. See Allen Gravel Co. v. Yarbrough, supra. However, the phrase "assumption of risk" is used with two different meanings. In its original sense, it referred to the ordinary and inherent risks of employment, and, so far as "assumption of risk" in this sense of the word barred recovery by a servant injured in the course of employment, it did so because there was no breach of the master's duty, no actionable fault on the part of the master, and hence no cause of action. The phrase presently became extended, however, to embrace not only the ordinary and inherent risks of employment, but the enhanced unnecessary risks thereof due to the master's negligence, which negligence and enhancement of risk were known to the servant. When assumption of risk in this secondary meaning bars recovery by the servant, it is because, although the master's negligence gave rise to a cause of action and the master has been guilty of actionable fault, nevertheless recovery for the actionable fault is barred by the reason of the servant's voluntary continuance of employment with full knowledge of the negligently enhanced danger. See 28 Harvard Law Review, 163, 176, and annotations 28 L. R. A. (N. S.) 1250.

In the first meaning of the phrase, "assumption of risk" is not in any proper sense a defense at all. It is merely a phrase used to convey the idea that the master is not an insurer and is not guilty of actionable fault. In other words, that there is no cause of action. It is with this meaning of the phrase, we are satisfied, that the term "assumption of risk" should be applied to the simple tool doctrine. We are further satisfied that section

9444, wherein it denies to the employer, who elects not to operate under the Workmen's Compensation Act, the defense that the employee has assumed the risk of injury, has reference to the "assumption. of risk" in the second sense above referred to, wherein it is, properly speaking, a matter of defense, that is, to the case where the master has been guilty of actionable fault by negligently increasing the inherent risk of the employment, and the servant has voluntarily and knowingly accepted such negligently enhanced risk.

The judgment and order appealed from are affirmed.

All the Judges concur.