**McCARTHY v. PALMER et al.**
**No. 302.**

Circuit Court of Appeals, Second Circuit.
July 17, 1940.

E. R. Brumley, of New York City
(R. M. Peet, of New York City, of counsel), for appellants.

Thomas J. O'Neill, of New York City
(Thomas J. O'Neill and Joseph G. Saile, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The appellants are the reorganization trustees of the New York, New Haven, and Hartford Railroad Company. The plaintiff recovered a judgment at law against them in the District Court for the Eastern District of New York in a suit brought under the provisions of the

Federal Employers' Liability Act, 45 U. S.C.A. § 51 et seq.

He was a brakeman in the crew of an inspection train of the appellants, consisting of an engine and . caboose, who was badly hurt on the afternoon of September 23, 1938, while attempting to alight from the slowly moving caboose near the appellants' station at Danbury, Conn. He lost his balance as he stepped through the door of the caboose to the platform and fell down the steps to the ground. There was sharply contradicted evidence from which the jury was justified in finding that he tripped on a burlap bag which had been tacked to the platform for a mat and which had negligently been permitted by the appellants to remain there after it became bunched and torn in use. The jury was also justified in finding that the mat had been in such condition for several days to the knowledge of the plaintiff who had twice called the attention of the conductor to its condition and had been assured that it would be replaced.

█ The appellants contend that they are not guilty of any actionable negligence because of the condition of the bag tacked to .the platform on the theory that the so-called simple tool doctrine, . exemplified by such decisions as .Newbern v. Great Atlantic & Pacific Tea Company, 4 Cir., 68 F.2d 523, 91 A.L.R. 781, controls. That, however, fails to give adequate effect to the fact that the caboose was one of the cars the appellants were operating and that its platform was defective because of the presence of the mat in its worn condition. That made the caboose a defective car. It is true that the removal of the torn bag would have done away with the defect and that that would have been a simple thing· to do but the ease with which the car could have been put into suitable condition for use does not alter the fact that it was actually defective due to the negligence of appellants or the fact that such negligence was the proximate. cause of the plaintiff's injuries. If it does anything, it emphasizes that negligence.

█ A further defense was based on the contention that, because the plaintiff knew the condition of the mat and could have left the caboose through a door at the opposite end, he assumed the risk of using the defective platform as he did. See Holm v. Cities Service Transportation Co., 2 Cir., 60 F.2d 721 and John-son v. United States, 2 Cir., 74 F.2d 703. In this instance, however, the danger in using the defective platform was obviously not so great that a prudent man would have certainly refused to rely upon the promise to repair and refrained from all use of it meanwhile. Under such circumstances assumption·of risk is a jury question and the verdict controls here. Seaboard Air Line Ry. v. Horton, 233 U.S. 492, 34 S.Ct. 635, 58 L.Ed. 1062, L.R.A. 1915C, 1, Ann.Cas.1915B, 475. The charge of the court upon this subject has been criticized but it appears to have been sufficient, when taken as a whole, to inform the jury correctly upon that subject, and that is enough even though counsel may have preferred the use of different language. Northwestern Mutual Life Ins. Co. v. Muskegon National Bank, 122 U.S. 501, 7 S.Ct. 1221, 30 L.Ed. 1100.

One of the witnesses called by the appellants was a brakeman named Schoonmaker who was one of the train crew at the time the plaintiff was hurt. He had previously made two written statements to the appellants concerning the accident and, the condition of the plaintiff before he fell and had been suspended from service for a time after he made the second and perhaps before that. He had said in the first statement that he did not smell liquor on the plaintiff but said in the second ·that plaintiff had been drinking intoxicating liquor before he was hurt. At the trial,' he gave no such testimony but did testify, as he had said in his first statement, that the plaintiff, instead of falling down the steps after tripping on the bag, had gone down the steps in the ·usual way and had fallen only after he reached the ground. The second statement dealt mainly with the plaintiff's actions that day previous to the accident and with Schoonmaker's apparent reluctance to disclose the facts fully as to them.

█ The statements were offered in evidence by the appellants in corroboration of Schoonmaker's testimony. What a witness has said about the subject matter of his testimony at some previous time when he was free from interest, bias, or coercion is admissible to repel a claim that when he testified he had a motive to falsify. Di Carlo v. United States, 2 Cir., 6 F.2d 364; Gelbin v. New York, New Haven & Hartford R. R. Co.,' 2 Cir., 62 F.2d 500.' But here whatever.

motive the witness may have had to remember the facts in a way favorable to the appellants was present as much when he made the statements as when he testified and with the reason for the rule of admission lacking it was not error to exclude them.

An interesting question as to the measure of damages in view of the provisions of the Railroad Retirement Act of 1937 (45 U.S.C.A. § 228a et seq.) is presented. Under § 228b (3), "Individuals, without regard to age, who on or after the enactment date are totally and permanently disabled for regular employment for hire and shall have completed thirty years of service" are eligible for annuities as provided in the Act, and § 5 of the Employers' Liability Act, 45 U.S.C.A. § 55, gives to a common carrier sued under it the right to "set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury * * * for which said action was brought".

The parties stipulated that the trial judge should decide on the evidence whether the plaintiff was totally and permanently disabled for regular employment for hire and whether the verdict should be reduced because of the above noted statutes. The judge failed to find that the plaintiff was so disabled as presently to be entitled to an annuity under the Railroad Retirement Act and we do not understand that appellants question that finding. In any event, it was justified by the evidence. Nevertheless, appellants insist that they are entitled to a reduction of the plaintiff's judgment by the amount of the annuity he will be eligible to receive upon reaching the age of 60 (not yet attained), computed upon his life expectancy; and in the alternative, to a reduction to the extent of their contribution to such annuity.

Sec. 5 of the Employers' Liability Act confines the set off to a sum contributed or paid to any insurance, relief benefit, or indemnity that may have been paid on account of the injury for which the action was brought. There is no such sum available for any set off since no payments have been made and there could be one only by virtue of the Railroad Retirement Act of 1937. The plaintiff has not been brought by his injuries

within any class entitled to benefit under the provisions of that Act. Nor will any retirement payments made to him in the future, so far as the proof in this record shows, ever be made on account of the injuries for which this suit was brought. If they are ever made at all, it will be on account of his reaching the retirement age regardless of his injuries. His loss because of his injuries has, therefore, no relation to any future benefits he may receive under the Railroad Retirement Act of 1937 and whatever sums the appellants may have contributed or paid because of that statute do not come within the set off provisions of § 5 of the Employers' Liability Act.

Judgment affirmed.