JACOB v. CITY OF NEW YORK.

No. 243.

Circuit Court of Appeals, Second Circuit.
May 5, 1941.

Silas B. Axtell, of New York City (Dominick Blasi, of Brooklyn, N.Y., of counsel), for appellant.

William C. Chanler, Corp. counsel, of New York City (Paxton Blair and Alfred T. White, both of New York City, and Leon Shaw, of Brooklyn, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The first cause of action was dismissed on the defendant's motion at the close of the plaintiff's case upon the ground that he had failed to prove facts sufficient to justify submitting to the jury the issue of the defendant's negligence. The plaintiff's story of the accident was briefly as follows: For many years he had been in the employ of the city as a water tender on its ferryboats. While working in the boiler room of the "Dongan Hills" on October 4, 1938, he was using an ordinary S shaped open end wrench to tighten a nut on the manifold head; as he put strain upon it the wrench slipped, causing him to lose his balance and fall from a platform, eighteen inches square, upon which he was obliged to stand to do the work. He ascribed the slipping of the wrench to the fact that its jaws had become worn by use so that it did not fit the nut perfectly but had a play of about one-sixteenth of an inch. He had used the same wrench on previous occasions. Two days before the accident he had complained to the chief engineer about it and asked for a new one. The chief told him to look in the tool closet, and, when he found none there which would fit the stud, the chief sent out an order for a new one; but it had not arrived on the date of the accident. The plaintiff admitted, however, that there were monkey wrenches on board the ferryboat and that he could have used a monkey wrench for the work in hand.

Having elected to sue under the Jones Act, 46 U.S.C.A. § 688, the plaintiff was obliged to establish that his injuries were caused by the defendant's negligence. Kunschman v. United States, 2 Cir., 54 F. 2d 987, 989. In taking the first cause of action from the jury the trial judge relied on what is sometimes called the "simple tool doctrine". See Newbern v. Great Atlantic & Pac. Tea Co., 4 Cir., 68 F.2d 523, 91 A.L.R. 781. This so-called doctrine is

but a short hand method of saying that the employer's duty to use reasonable care for the safety of his workmen does not require him to test or inspect ordinary simple tools from the use of which no danger is reasonably to be expected and as to which the employee is in a better position than the master to discover defects resulting from wear and tear and to protect himself against the risk of using the tool, if defective. In other words, the probability of any danger against which the employee cannot reasonably be expected to guard himself is so remote as to relieve the master of the duty of inspecting such simple tools or of warning his employee against the use of them if they show signs of wear. McMillan v. Minetto Shade Cloth Co., 134 App.Div. 28, 31, 117 N.Y.S. 1081; Miller v. Erie R. Co., 21 App.Div. 45, 47, 47 N. Y.S. 285. The master's freedom from liability is not because the employee has been negligent or has knowingly assumed the risk—both contributory negligence and assumption of risk being excluded as defenses under the Jones Act—but because the master has been guilty of no negligence with respect to the tool used by the employee. Newbern v. Great Atlantic & Pac. Tea Co., 4 Cir., 68 F.2d 523, 91 A.L.R. 781; Middleton v. National Box Co., D.C.S.D. Miss., 38 F.2d 89, 91; Allen Gravel Co. v. Yarbrough, 133 Miss. 652, 98 So. 117; Hedicke v. Highland Springs Co., 185 Minn. 79, 239 N.W. 896; see 91 A.L.R. 786. In the case at bar, the plaintiff was at liberty to select such tools as he thought suitable for the work in hand; he was not acting under orders in using the worn wrench; if the wrench was in such condition that he thought its use dangerous, he was under no necessity of using it, for a monkey wrench, admittedly suitable, was at hand. Under these circumstances the master had no reason to suppose that the plaintiff would use a wrench so worn as to create a situation of danger. Consequently we think the trial judge was right in not leaving to the jury the issue of negligence. The first cause of action was properly dismissed.

On the second cause of action, maintenance and cure, the defendant offered to consent to a judgment for loss of wages from the date of the accident until the plaintiff's return to work on November 10, 1938. No other damages were proven under this count, as the plaintiff had received free hospitalization. His counsel, however, refused "to accept any such judgment", and thereupon the second count was likewise ordered dismissed. In so doing we think the court erred. Counsel's irritable refusal to take any judgment if the first count were withdrawn from the jury does not justify penalizing his client by forfeiting an admitted liability for maintenance. An attorney cannot, without special authority from his client, release a cause of action except on full payment or otherwise surrender his rights. Glover v. Bradley, 4 Cir., 233 F. 721, 726, Ann.Cas.1917A, 921; McFarland v. Curtin, 4 Cir., 233 F. 728, 730; Martin v. Lehigh Valley R. Co., 114 N.J.L. 243, 176 A. 665, 667; Hahn v. Loker, 229 Mass. 363, 118 N.E. 661, L.R. A.1918D, 807. Nor is an unauthorized settlement binding on the client. Schneider v. Abrams, 228 App.Div. 1, 238 N.Y.S. 351; Countryman v. Breen, 241 App.Div. 392, 394, 271 N.Y.S. 744. From this we think it follows that the refusal here to accept a judgment to which the client was entitled should be given no effect. Although this point has not been urged upon appeal, the court will take it sua sponte in favor of a seaman who is often treated as in a sense a ward of the admiralty court. Judgment should have been directed for the amount admitted to be due from the defendant, namely $214.37.

Accordingly dismissal of the first count is affirmed but dismissal of the second count is reversed with directions to enter judgment thereon in favor of the plaintiff in the sum admitted to be due.