EMMA ADLAM, Respondent, *v.* LORETTO S. KONVALINKA and JOHN W. KONVALINKA, Appellants.

First Department, May 8, 1942.

*William L. Shumate* of counsel [*Andrews, Baird & Shumate,* attorneys], for the appellants.

*Edward Friedman,* for the respondent.

GLENNON, J.  Plaintiff was employed by the defendants as a domestic servant.  She asserts, in substance, that on November 10, 1935, she was injured through the negligence of the defendants.  The negligence assigned is the failure of the defendants to provide her with reasonably safe, suitable and adequate tools and proper and safe means of doing her work, and also giving her false assurances of the safety of the articles used and failing to accord her, at her request, the opportunity of obtaining sufficient and competent medical aid after she was injured.

At the time of the accident, plaintiff was engaged in washing pots and pans.  In so doing she was using steel wool to assist her in the work.  While so engaged particles of the steel wool " went into these three fingers (indicating), the thumb, this finger and the end of these fingers, and the thumb,  *  *  *."  She did not complain that night but the following morning she spoke to the defendant Loretto S. Konvalinka, and asserted that the latter gave her " a cup of warm water to keep and soak my finger in.  I soaked it all day and tried to do my work but it hurts me."  The week following, the defendant Loretto S. Konvalinka took her to the hospital, where the doctor looked at her thumb and told her to go home and soak it.  Later she was treated by Dr. Vier, who was the defendants' personal physician.

For some time prior to the accident, plaintiff had been accustomed to use steel wool with a small handle attached to it, in connection with her work.  The article she was using on the day of the accident, which she asserts the defendants represented to be safe, was called " Good Old Soap Pad " and consisted of steel wool and soap but had no handle.

No medical testimony was introduced by plaintiff.  At the conclusion of her testimony, plaintiff rested.  A motion was then made by the defendants for a dismissal of the complaint, " first, on the ground that she has failed to prove any actionable negligence on the part of either of the defendants; secondly, on the ground she has failed to prove herself free from contributory negligence; and, thirdly, she has failed to establish by competent medical testimony that the condition she claims existed after this injury was caused by anything that transpired in the home."  The court granted the motion.

The trial was concluded on December 19, 1941.  Subsequently, on December twenty-second, plaintiff obtained an order to show cause returnable on the next day wherein she asked that the dis-

missal be vacated and a new trial be had. After hearing both parties upon the return day of the motion, the court entered the order from which this appeal is taken, wherein he granted to plaintiff the relief sought and ordered the cause to be restored to the Trial Term calendar for the March term.

We believe that the dismissal of the complaint at the conclusion of plaintiff's case was proper and, consequently, the order setting aside the ruling and restoring the case to the calendar was erroneous.

The article which plaintiff was using in connection with her work at the time she claims she was injured was a common household appliance. It is not inherently dangerous, any more than a sharp knife or other pointed instrument might have been when used in connection with the same work. The danger to be anticipated would certainly not be any greater than that which might come from the scrubbing of wooden floors. There is no claim here that the defendants manufactured the tool or appliance which was used by the plaintiff. There was nothing about the instrument which might cause the defendants to anticipate that injury would result to the plaintiff from its use.

A similar situation was before the Supreme Court of South Dakota in *Maher* v. *Wagner* (62 S. D. 227; 252 N. W. 647). There the employee was injured when a piece of copper wire from a dish washing instrument known as a " Chore Girl," composed of a mesh of small copper wires, pricked her finger. It was held, in substance, that a " Chore Girl," being a simple tool, the injury sustained by the employee was not actionable. The court said in part:

" It is very generally held that an employee cannot predicate a cause of action based upon negligence against his employer, if he is injured from a defective simple tool. [Citing cases.] * * *

" In this case, to charge the employer with negligence, under the fact situation here presented, would virtually require the employer to become an insurer against all defects that develop in the use of a tool or appliance, however simple it might be, and we are satisfied that such is not the law."

On the facts disclosed, we hold that the order appealed from should be reversed, with costs and disbursements, the motion denied and the complaint dismissed, with costs.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; UNTERMYER, J., dissents and votes to affirm.

Order reversed, with costs and disbursements, the motion denied, and the complaint dismissed, with costs.