■ LOUIS MAZZELLA, Individually, and as Assignee of JESSIE MAZZELLA, Appellant, v. AMERICAN HOME CONSTRUCTION COMPANY, INC., Respondent.— Order, entered on October 24, 1960, granting defendant's motion to direct plaintiff to consummate a settlement of the action, unanimously reversed, on the law and on the facts, without costs, and the motion denied. The plaintiff's attorney states unequivocally that he was without authority from his client to enter into any settlement agreement. He also states — and it is conceded — that at the time of the settlement discussions he unsuccessfully sought to contact and consult with his client. Failing in such attempt he states — and nothing in the record contradicts this statement — that he advised the court and his adversary that the settlement was made subject to his client's approval. Such approval was not only never obtained but he states that the plaintiff affirmatively rejected the settlement. The client's approval must be deemed to have been a condition precedent to the agreement becoming effective and absent such approval the settlement has no vitality. Moreover, it is clear that in the absence of authority to do so an attorney may not settle his client's claim (*Countryman* v. *Breen*, 241 App. Div. 392, affd. 268 N. Y. 643; *Schneider* v. *Abrams*, 228 App. Div. 1). From this record it appears that the plaintiff never authorized nor approved

the settlement and it may not now be enforced. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.