**Zenna Elizabeth HUGHES, Administratrix of the Estate of Charles Hughes, Sr., Plaintiff,**

**v.**

**CLINCHFIELD RAILROAD COMPANY, Defendant.**

**Civ. A. No. 2101.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Jan. 18, 1968.

———◆———

James F. Turner, Turner, Oehmig & Davis, Chattanooga, Tenn., for plaintiff.

A. K. McIntyre, Gen. Counsel for Clinchfield R. Co., Dennis Erwin, Tucker & Erwin, Erwin, Tenn., for defendant.

## REVISED [1] MEMORANDUM AND ORDER

NEESE, District Judge.

This is an action by the administratrix and sole surviving beneficiary of the estate of the plaintiff's decedent for the wrongful death of her decedent under the Federal Employers' Liability Act. (The jury herein awarded the plaintiff damages in the amount of $50,000.)

In the course of interrogating the plaintiff Mrs. Hughes, defense counsel made inquiry concerning the amount she is currently receiving, or is about to receive, as a pension from the fund of the Railroad Retirement Board, to which both the defendant railroad and the plaintiff's decedent had made contributions in his lifetime. The Court initially overruled the plaintiff's objections to this line of questioning, but subsequent investigation reflected that this Court was in error in its initial ruling in this regard.

■ The question presented is whether damages to which the plaintiff is otherwise entitled because of the wrongful death of her husband due to the negligence of a railroad are to be mitigated by the amount the sole surviving beneficiary of the husband's estate will receive as a pension from the Railroad Retirement Board, where both the railroad and the beneficiary's decedent made contributions to the fund from which the pension is to be drawn during the lifetime of the husband. A general consideration of this topic appears at 75 A.L.R.(2d), § 3, at page 886. The crux of the matter is whether the railroad, which contributed to the Railroad Retirement Fund from which the pension will be drawn, should be allowed the benefit of the collateral resource rule. This doctrine establishes an exception to the general rule that damages in negligence actions must be compensatory and render the beneficiary whole, by refusing to allow credit to the beneficiary of a wrongdoer for money or services received by the beneficiary from sources other than the wrongdoer. Feeley v. United States, C.A. 3rd (1964), 337 F.2d 924, 926–927 [1–3].

■ The Federal Employers' Liability Act allows railroads to set-off against

---

1. The particular point in issue appearing to be a matter of first impression, the Court has acceded to a request for elaboration in this revision.

the claim of an injured employee amounts paid to, or on account of, the employee, because of such injuries. 45 U.S.C. § 55. But, retirement payments to be made to such employee in the future are not contributions to the employee on account of such injury, having been held to be made on account of the employee's reaching the retirement age regardless of his injuries. McCarthy v. Palmer, C.C.A. 2nd (1940), 113 F.2d 721, 723 [6], certiorari denied (1940), 311 U.S. 680, 61 S.Ct. 50, 85 L.Ed. 438.

This principle has been applied to compensatory awards of dependents under the Federal Tort Claims Act, 28 U. S.C. § 2674, United States v. Harue Hayashi, C.A. 9th (1960), 282 F.2d 599, 604 [11], [12], and under the Social Security Act, Duree v. State, C.A.La. (1957), 96 So.2d 854, reversed on other grounds (1959), 238 La. 166, 114 So.2d 594, but see McFarland v. Illinois Central R. Co. (1961), 241 La. 15, 127 So. 183, 87 A.L.R.2d 246; see also Anno.: 84 A.L.R.2d 764 at 765. In affirming the trial court's refusal to allow a defendant railroad to show by evidence that its injured employee was receiving a disability pension under the Railroad Retirement Act, it was pointed out that the "* * * benefits received under such a system of social legislation are not directly attributable to the contributions of the employer, so they cannot be considered in mitigation of the damages caused by the employer. * * *" New York, New Haven & Hartford R. Co. v. Leary, C.A. 1st (1953), 204 F.2d 461, 468 [5], certiorari denied (1953), 346 U.S. 856, 74 S.Ct. 71, 98 L.Ed. 370.

■ Thus, it is eminently clear that benefits received under the Railroad Retirement Act by the widowed plaintiff of a deceased railroad employee do not mitigate to any degree the damages of such plaintiff, and that evidence that such benefits are being, or are to be, received by such widow must be excluded. The prior ruling of this Court to the contrary hereby is

Vacated.