OPINION OF THE COURT
Richard F. Braun, J.
*648 In this negligence action, plaintiff moved to restore this action to the active calendar, schedule a compliance conference, amend the caption of this action, and consolidate this action with a related one. By stipulation, the parties agreed to amend the caption and that only the first two branches of the motion remain to be decided.
Plaintiffs decedent alleged in her complaint that defendant owned, managed, controlled, operated, and maintained 2035 Seventh Avenue, New York, New York. She asserted that on August 12, 2003, while she was lawfully in apartment 53 of that building, she slipped and fell due to water on the floor from a ceiling leak, and was injured. Plaintiffs decedent contended that defendant’s negligence caused that condition.
Plaintiff s decedent died after the commencement of this action. Because the death of plaintiff’s decedent divested this court of jurisdiction until a substitution of the proper party occurred under CPLR 1015 (a) (Harding v Noble Taxi Corp., 155 AD2d 265 [1st Dept 1989]; see Matter of Einstoss, 26 NY2d 181, 191 [1970]; Nunez v Goodman, 264 AD2d 651 [1st Dept 1999]), the action was placed on the stay calendar on September 7, 2004. The proper party is not the decedent’s estate but rather the legal representative of the estate (here the administratrix) (id.). After the substitution was accomplished, the action was removed from the stay calendar on January 24, 2005.
On January 25, 2005, at a compliance conference before this court, the action was marked settled, according to the court system’s computer entry for this action (this court’s case card and calendar have no such marking). The attorneys for both parties agree that this action settled for $7,500 and that the settlement was conditioned on the approval of a compromise order by the Surrogate’s Court.* Plaintiff administratrix subsequently decided that she no longer wanted to settle for that amount and wished to proceed to trial.
Pursuant to CPLR 2104, a settlement between counsel in open court is binding and cannot be easily set aside (Hallock v *649 State of New York, 64 NY2d 224, 230 [1984]). A settlement in open court can be vacated by motion under certain circumstances (see e.g. McGuffin v Port of N.Y. Auth., 58 AD2d 793, 794 [1st Dept 1977]). Where a purported settlement agreement is not transcribed or entered into a court record, the notes of the judge or the attorneys for the parties as to the settlement are not sufficient under CPLR 2104 (Matter of Janis, 210 AD2d 101 [1st Dept 1994]). The statute is satisfied by notations of the settlement by the judge in the court file, followed by the clerk’s entering the settlement in the court’s calendar and the clerk’s return, and then entry into the court’s computer record system (Popovic v New York City Health & Hosps. Corp., 180 AD2d 493 [1st Dept 1992]; but see Gustaf v Fink, 285 AD2d 625, 626 [2d Dept 2001]). However, here there is no marking by this judge or clerk on the court file or calendars.
Furthermore, the settlement was only tentative. The parties’ attorneys agree that it was subject to the approval of the surrogate. A purported settlement of the claim(s) of an infant can be set aside, and the action restored to a court’s active calendar because the settlement is tentative until approved by a court, pursuant to CPLR 1207, upon compliance with CPLR 1208 (see Shao v Fugazy Express, 177 AD2d 422, 422-423 [1st Dept 1991]). Thus, by analogy, a settlement that has to be ratified by a surrogate, as agreed to here, is only tentative until it has been approved by him or her (cf. Mazzella v American Home Constr. Co., 12 AD2d 910 [1st Dept 1961] [where a motion to direct the plaintiff to consummate settlement of the action was denied because the settlement by the plaintiffs attorney was conditioned on the plaintiffs approval, which was never obtained]).
Therefore, by this court’s separate decision and order, this action has been restored to the active calendar of this court, and a compliance conference scheduled. Pursuant to CPLR 8106 and 8202, $50 motion costs have been awarded to plaintiff against defendant.

 There are no allegations asserted in either the complaint submitted in this action or that in a related action between the parties, which also contingently settled on the same date, that defendant’s actions or omissions led to the death of plaintiffs decedent. However, both sides agreed that the settlement of both actions was conditioned on the surrogate’s approval, although this court had jurisdiction to approve the compromise of this action even if defendant caused the death of plaintiffs decedent (see EPTL 5-4.6 [a]; Pollicina v Misericordia Hosp. Med. Ctr., 82 NY2d 332, 336-340 [1993]). Defendant’s counsel states: “The settlement had no conditions except for the wrongful death compromise to be approved by Surrogates’ Court.”