### 9900

### SPILLERS v. GRIFFIN.

(95 S. E. 133.)

1. COURTS—RULES OF DECISION.—The Courts are not bound to find legislative authority or authority of other cases stating the same facts before they can declare the law in a new aggregation of facts; for, law being a science, it is the duty of the Courts to apply well-recognized principles of law to new conditions.

2. HIGHWAYS—CONTRIBUTORY WILFULNESS.—In action for injuries from collision between motorcycle and automobile, plaintiff cannot recover, when his wilfulness contributed, as a proximate cause, to his own injury, even though defendant was wilful, since if the parties were equally, in the same class, to blame in producing the injury neither can recover.

3. NEGLIGENCE—LAST CLEAR CHANCE DOCTRINE.—In action for injuries from collison between motorcycle and automobile, it was error to

charge that, even if plaintiff was negligent, yet if defendant's
servant saw plaintiff in time to avoid collision, the plaintiff might
still recover, since the doctrine of "the last clear chance" is not
the law of South Carolina.

4. WITNESSES—CROSS-EXAMINATION OF OWN WITNESS—DISCRETION.—
Cross-examination by plaintiff of his own witness is mainly in the
trial Court's discretion.

Before MAULDIN, J., Greenville, Summer term, 1917.
Reversed.

Action by W. A. Spillers against H. H. Griffen. From
judgment for plaintiff, defendant appeals.

*Messrs. Bonham & Price,* for appellant, cite: *As to cross-*
*examination by plaintiff of his own witness:* 22 S. C. 199;
43 S. C. 127; 89 S. C. 235. *As to res gestae:* 75 S. C. 190.
*As to opinion evidence:* 95 S. C. 9.

*Messrs. A. Blythe, E. M. Blythe* and *Haynsworth &*
*Haynsworth,* for respondent, cite: *As to cross-examination*
*by plaintiff of his own witness:* 85 S. C. 146-154; 89 S. C.
234; 43 S. C. 123; 151 U. S. 303-304; 74 S. E. 597; 47 S.
W. 1015; 23 So. 481; 21 Am. Dec. 122, 127; Decennial
Digest "Witnesses" 244. *As to res gestae:* Jones on Evi-
dence, sec. 345; 3 Wigmore on Evidence 2257; 33 L. R. A.
(N. S.) 111; note 95a, Dec. 64; Enc. of Evidence 328;
Anno. Cases 1912c, 321; 56 S. C. 360; 68 S. C. 304; 68 S.
C. 276; 86 S. C. 103; 3 Wigmore on Evidence 2257; 11
Enc. of Evidence 321-322; 61 S. C. 12; 79 S. C. 91; 100
S. C. 375; 104 S. C. 173. *As to opinion evidence:* 74 S. C.
102; 87 S. C. 193; 99 C. C. A. 379; 102 S. C. 142; 77 S. C.
404-408; 60 S. C. 70; 72 S. C. 352; 17 Cyc. 28. *As to his*
*Honor sustaining plaintiff's objections to question pro-*
*pounded to defendant's witness:* 94 S. C. 388; 59 S. C. 311;
79 S. C. 151; 79 S. C. 297; 79 S. C. 250. *As to expert tes-*
*timony:* 74 S. C. 102; C. C. A. 386; 63 C. C. A. 231; 31
C. C. A. 515; 7 C. C. A. 581. *As to charge:* Crim. Code,
sec. 602; 91 S. C. 201; 91 S. C. 523; 91 S. C. 201-15; 99

S. C. 432. *As to contributory negligence or wilfulness:* 2 Esp. 685; 5 Esp. 44; 11 East. 60; 67 S. C. 391.

January 31, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff was going away from Greenville in the side car of his motorcycle, and the defendant's automobile was returning to Greenville, driven by a servant. There was a collision between the automobile and the motorcycle, in which the plaintiff's leg was broken. The plaintiff brought this action for damages, actual and punitive, and alleged negligence, recklessness and wilfulness. The answer of defendant denied all wrongdoing and pleaded contributory wilfulness of the plaintiff, as a defense.

The presiding Judge charged the law as to contributory negligence, but refused to charge that contributory wilfulness was a defense to wilfulness. From this ruling, among others, the defendant appealed from the judgment against him. The respondent claims that there is no case in this State which allows such a defense, and only one case elsewhere, and that case sustains the ruling of the trial Judge. The respondent claims that this Court would have to make the law if it allowed such a defense to prevail. Of course the Courts have no right to make the law. If there is no law to allow the defense of contributory wilfulness, so there is no law that allows a plaintiff to recover when he has himself contributed wilfully as a proximate cause to the injury. The plaintiff must show his right to recover in law and in fact. The Courts, however, are not bound to find legislative authority or the authority of the other cases stating the same facts before they can declare the law in a new aggregation of facts. Law is a science, and it is the duty of the Courts to apply well recognized principles of law to new conditions. When railroads were built, the Courts did not legislate or wait for new statutes to govern

their operation.    They applied the old doctrine of common carriers and master and servant to the new conditions.    The respondent states that the Courts made the defense of contributory negligence.    The Courts did not make new law; they simply applied an old rule, to wit: When two people are equally at fault in producing the injury, the law leaves them where it finds them.

Again, contributory negligence is not a defense to wilfulness, because the parties   are not equally to blame.    Apply that same rule here, and we find that when a plaintiff wilfully contributes, as the proximate cause to his own injury, he cannot recover, even though the defendant was wilful.    If the parties were equally, in the same class, to blame in producing the injury, neither can recover.    It was error not to so charge.

His Honor charged that, even though the plaintiff was negligent, yet if the defendant's servant saw the plaintiff in time to avoid the collision, the plaintiff might still recover.   That is the doctrine of "the last clear chance," and is not the law in this State.

The other questions raised are that the trial Judge allowed the plaintiff to cross-examine his own witness, the exclusion of certain opinions of the witness, and the exclusion of certain statements as a part of the *res gestae*.    All of these questions are mainly in the discretion of the trial Judge, and we see no abuse of his discretion.

There are 14 exceptions, but the above disposes of all the questions raised.

For the two errors stated above, the judgment is reversed, and a new trial ordered.