14313

NANCE v. SWIFT & CO.

(186 S. E., 389)

August, 1935.

*Messrs. Hicks & Johnston,* for appellant,

*Mr. Wilton H. Earle,* for respondent,

June 11, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by John D. Nance, plaintiff, against the defendant, Swift & Co., a corporation, was commenced in the County Court for Greenville County, November 5, 1934, for the purpose of recovering judgment against the defendant for injuries alleged to have been sustained by the plaintiff on account of the negligent and wrongful acts of the defendant, its agents and servants, while the plaintiff was in the employ of the defendant, on or about April 7, 1934. In this connection·for the purpose of showing the alleged facts on the part of the plaintiff we quote herewith the following from the agreed statement set forth in the record:

"Respondent alleged that under direction of the superintendent of appellant he was put to work helping to unload cars and was told by said superintendent to help pull out a flat from a car, said flat being loaded with canned meats, and said flat as loaded being very heavy. The method of unloading was for appellant to have placed between the platform and the car a gangplank. Respondent was pulling the flat and another employee of appellant was pushing same, all being under instructions of appellant's superintendent. The said flat was pushed over the end of the gangplank, which was placed in the door of the car, and the front wheels of the flat knocked the gangplank from the car and the flat fell forward; respondent fell back, getting his right foot on the platform, but the flat caught his left foot between

the flat and the gangplank and said gangplank was resting against side of platform.

"Respondent alleged he received personal injuries and suffered great pain and anguish, mental as well as physical, and lost much time from his work.

"The complaint alleged that appellant negligently and wilfully failed to furnish reasonable safe place and appliances with and in which respondent should perform his duties in connection with his work, and negligently and wilfully furnished unsafe appliances and an unsafe place for the performance of his duties in said work. The complaint alleged, among other acts of negligence, that said gangplank should have been anchored, all of which was known to the superintendent of the appellant and unknown to respondent, and if said gangplank had been anchored said injury to respondent would not have occurred."

In its answer the defendant interposed a general denial, "assumption of risk, fellow servant, and contributory negligence."

Issues being joined, the case was tried in said County Court for Greenville County before his Honor, Judge John L. Plyler, County Judge, and a jury, in August, 1935, resulting in a verdict for the plaintiff in the sum of $1,500.00 actual damages. From judgment entered on the verdict, the defendant has duly appealed to this Court.

It is stated in the record that the appellant specifically waives any question as to the sufficiency of the injuries to sustain the verdict, and admits that the verdict was not excessive. The record in the case sets forth that the appellant appeals to this Court upon the following grounds, which we quote in full, but call attention to the fact that the exceptions stated therein are considerably mixed with statements in the case and are not strictly in compliance with the rule of the Court:

"His Honor was in error in overruling the Motions for non-suit and judgment notwithstanding the verdict and that

being refused a new trial all of which was based upon the following grounds:

" 'Only two phases of negligence are alleged against Appellant:

" 'First: That it failed to furnish a safe place for Respondent to work and

" 'Second: That it failed to furnish safe appliances.

" 'The testimony shows, without contradiction, that the Respondent was injured while working with a fellow servant. If there was any negligence, it was either that of himself, or of his fellow servant, and in either event Respondent assumed such risk.

" 'The instruments involved in the accident were all simple tools, and Respondent assumed the risk of injuries resulting from the use of such tools.'

"All motions were overruled.

"From the Orders overruling these motions, and the judgment and verdict entered on the case, Appellant appeals and alleges as exceptions that His Honor was in error in so holding and overruling the motions; whereas, he should have held as a matter of law that the undisputed testimony showed:

"First: That if there was any negligence, such negligence was that of Respondent and/or his fellow servant, Fred Graham;

"Second: That Respondent assumed all acts of negligence on the part of himself or of his fellow servant, and therefore cannot hold Appellant liable therefor; and

"Third: That the gangplank and truck, (or flat), are all simple tools which were being used by Respondent and his fellow servant, and he assumed the risk of any injury or injuries resulting therefrom."

As shown by the record, it is the contention of the respondent that the appellant negligently and willfully failed to furnish a reasonably safe place and appliances in which and with which the respondent should perform his duties in

connection with his work, and, also, negligently and willfully furnished unsafe appliances and an unsafe place for the performance of his duties in connection with the said work, and because of this the respondent was injured in the manner described. In this connection it is the contention of the respondent, among the other acts of negligence mentioned, that the gangplank referred to in the allegations should have been anchored, which fact was known to the superintendent of the appellant and unknown to respondent; and, further, if said plank had been anchored, as it should have been, the injury to the respondent would not have occurred but would have been avoided. It is the contention of the appellant, as shown by the record, that if there was any negligence, such negligence was that of the respondent or of his fellow-servant, Fred Graham; and that the respondent assumed all acts of negligence on the part of himself or of his fellow servant, and that, therefore, he cannot hold the appellant liable for the same. The appellant further contends that the gangplank and truck (or flat) in question are all simple tools and were being used at the time in question by the respondent and his fellow servant, and the respondent assumed the risk of any injury resulting therefrom.

Under our view of the case it is not necessary to quote or discuss the testimony at length. As we view the record in the case, the "simple tool doctrine" is not applicable, and we think that more than one reasonable inference can be drawn from the testimony as to the cause of the plaintiff's alleged injury, and that one inference to be drawn therefrom is that the plaintiff's injury resulted from the negligent acts of the defendant in failing to furnish the plaintiff a reasonably safe place in which to work and in not furnishing the plaintiff reasonably safe appliances with which to work. There was testimony tending to show that the car to be handled by the plaintiff had no groove in the same for the gangplank to work. In this connection it may be stated that the testimony tends to show that such an arrange-

ment was necessary in order to give the plaintiff a safe place to work, and, further, the car and gangplank referred to cannot be classed, as we view the record, as a simple tool for carrying on the work, but were instrumentalities necessary for carrying on the work which the defendant was under obligation to furnish. It must be borne in mind, also, that the unloading of the car was under the direction and supervision of the superintendent, and, so far as the record discloses, this superintendent did not inform the plaintiff of the conditions existing. As to the fellow servant of the plaintiff, it was an issue for the jury to determine whether the injuries of the plaintiff complained of were caused by this fellow servant or by the failure of the defendant to furnish the plaintiff with the car in proper condition and proper arrangements. In our opinion, the testimony bearing on all material issues was susceptible of more than one reasonable inference, and, therefore, the trial Judge could not direct a verdict and properly sent the case to the jury on the issues. We think it unnecessary to cite authorities in connection with the views stated.

The exceptions are overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE BONHAM did not participate.