### BATH MILLS, Inc., v. ODOM.
### No. 5711.

Circuit Court of Appeals, Fourth Circuit.
April 29, 1948.

P. F. Henderson, of Aiken, S. C. (Henderson & Salley, of Aiken, S. C., on the brief), for appellant.

Henry H. Edens, of Columbia, S. C., and Charles E. Simons, of Aiken, S. C. (Lybrand & Simons, of Aiken, S. C., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment for plaintiff in a personal injury case. Plaintiff was an employee of the defendant, Bath Mills, Inc., a corporation of the state of South Carolina, which had elected not to operate under the workmen's compensation law of that state, and which consequently was not entitled to assert against its employees the defense of contributory negligence in suits for damages on account of personal injury. Plaintiff alleged that he was employed by defendant as a machinist and was injured as a result of its negligence in failing to furnish him a safe place to work, in failing to furnish him suitable tools and appliances and in other particulars. Defendant denied negligence and pleaded as a second defense contributory recklessness and wantonness on the part of plaintiff. This defense was stricken on the motion of plaintiff and the case was heard before a jury on the issue of negligence and a verdict awarded plaintiff in the sum of $5,000. From judgment on this verdict defendant has appealed, assigning as error the striking of the defense of contributory recklessness and wantonness.

The evidence on the trial has not been brought up with the record and it does not appear that, even if the defense were available in a proper case, defendant was prejudiced by striking it here. On the contrary, it is perfectly clear from the pleadings and statements at the bar of the court that the facts upon which defendant relied amounted to nothing more than contributory negligence, the nature of which was not changed by calling it contributory recklessness and wantonness. If we entertained any doubt as to the correctness of the court's action in striking the defense, we would order the remainder of the record sent up so that we might judge upon the whole case whether defendant had suffered prejudice as a result of the ruling. It is not necessary to do this, however, as we are satisfied that the action of the court in striking the defense was proper.

The South Carolina Workmen's Compensation Law provides explicitly that an employer who elects not to operate under the law shall not be permitted to defend a suit by an employee to recover damages on account of personal injury or death by accident on the ground "that the employee was negligent". The applicable provision of the 1942 Code is as follows:

"Sec. 7035-17. Action by employee working hereunder against employer not operating hereunder—defenses not allowed.—An employer who elects not to operate under this article shall not, in any suit at law instituted by an employee subject to this article to recover damages for personal injury or death by accident, be permitted to defend any such suit at law upon any or all of the following grounds: (a) That the employee was negligent. (b) That the injury was caused by the negligence of a fellow employee. (c) That the employee has assumed the risk of the injury."

It is perfectly clear that the purpose of this statute was to deny to the employer who elected not to operate under it the standard defenses of assumption of risk, the fellow servant rule and contributory negligence in a suit for damages by an employee and leave, for practical purposes, only the question whether defendant was negligent and whether that negligence was the proximate cause of the injury.

See Nuckolls v. Great Atlantic & Pacific Tea Co., 192 S.C. 156, 5 S.E.2d 862. It is equally clear that the defense that the employee was negligent cannot be asserted in the teeth of the statute by calling his negligence recklessness or wantonness. The statute makes no distinction between degrees or kinds of negligence, but flatly forbids the defense "that the employee was negligent". As the Supreme Court said with respect to the federal statute abolishing assumption of risk in employers' liability cases, 45 U.S.C.A. § 51 et seq., the legislature "did not mean to leave open the identical defense to the master by changing its name." Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 58, 63 S.Ct. 444, 446, 87 L.Ed. 610, 143, A.L.R. 967. While the question here has not been before the Supreme Court of South Carolina, that court has ruled in a federal employers' liability case that "contributory recklessness and wilfulness" might not be treated as a defense distinct from contributory negligence and thus be relied on as a complete defense in the face of the provision that contributory negligence should be considered only for the purpose of minimizing damages. Thornhill v. Davis, 121 S.C. 49, 113 S.E. 370, 24 A.L.R. 617.

The Supreme Court of South Carolina distinguishes between mere negligence and wilfulness or wantonness, allowing punitive damages to be awarded in the latter case but not in the former. Pickens v. South Carolina & Georgia R. Co., 54 S.C. 498, 32 S.E. 567. And that court holds that although contributory negligence is not a defense to an action for wilful injury, wilfulness on the part of plaintiff is a defense, thus distinguishing between wilfulness and ordinary contributory negligence. Spillers v. Griffin, 109 S.C. 78, 95 S.E. 133, L.R.A., 1918D, 1193. There is nothing in this, however, to justify a holding that reckless and wanton conduct does not fall within the negligence of the employee which the statute forbids the employer to assert as a defense, where the clear purpose of the statute is to make the negligence of the employer the sole test of his liability. Of course it is open to the employer to show that such conduct, on the part of the employee, was the sole cause of the injury, since, in that case, the negligence of the defendant would not be the proximate cause. We note that under the section 7035-15 of the Code, compensation is not payable under the act for injury or death if caused by the intoxication of the employee or by his wilful intention to kill himself or another. Whether an action for damages can be defended on these grounds by an employer who has elected not to operate under the act, is a question which does not arise on the record before us and which we need not decide.

There was no error and the judgment appealed from will be affirmed.

Affirmed.