## GREAT ATLANTIC & PACIFIC TEA CO.
### v.
### GROOMS.
No. 6625.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 14, 1953.

Decided Nov. 5, 1953.

Paul M. Macmillan, Charleston, S. C., for appellant.

R. M. Hollings, Charleston, S. C. (Meyer, Goldberg & Hollings, Charleston, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

SOPER, Circuit Judge.

This appeal is taken from a judgment for $5,000 in favor of Clifton M. Grooms on account of injuries suffered by him while engaged as an employee of the Great Atlantic and Pacific Tea Company in setting tile in the wall of a store of the company in Charleston, South Carolina. The company had elected not to operate under the South Carolina Workmen's Compensation law, and in consequence could not defend the suit on the ground of the negligence of its employee or of his fellow employees or on the ground that the employee had assumed the risk of the injury. See South Carolina Code, 1952, § 72–118. The case was tried by the judge without a jury and the whole question for decision is whether under the terms of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the judge was clearly wrong in finding from the evidence that the company was negligent in that it failed in its duty to furnish its employees a safe place to work.

Grooms was an experienced carpenter. He was directed by his foreman, a fellow employee, to place some sheets of tile board upon the wall of the store which was at the time open for business. For this purpose he was directed to stand upon a ledge facing the wall seven and a half feet above the floor. The wall was first covered with an adhesive substance so that the sheets which were four feet wide and twelve feet long adhered to the wall when pressed against it by the carpenter and his helper.

The area to be covered ran from a line seven and a half feet above the floor to the ceiling which was thirteen feet high. The ledge upon which the workman stood was less than twelve inches in width. It was formed by placing boards upon a series of two by four inch timbers which projected twelve inches horizontally from the wall and were designed to support a shelf to be used in connection with lighting fixtures to be installed in the store. The work consisted in lifting the sheets and pressing them against the flat surface while standing on the narrow ledge. The work was fatiguing and from time to time the plaintiff descended from the ledge to rest. At the end of five hours, while handling a sheet of tile with the aid of his helper, he lost his balance and in jumping to avoid implements on a meat block beneath him, he landed in the aisle of the store and was injured.

It seems obvious to us as it did to the District Judge that the ledge was an unsafe place to stand while doing the work and that the employer failed in the duty imposed upon it by the South Carolina law to furnish its employees with a reasonably safe place to work. Nuckolls v. Great Atlantic & Pacific Tea Co., 192 S.C. 156, 5 S.E.2d 862. The finding of the District Judge was based in part upon testimony which showed that before beginning the work the carpenter expressed the opinion that a scaffold was needed and that with the consent of the foreman, some timbers were brought into the store to build it, but later the foreman changed his mind and directed the carpenter to go on with the work in the manner described. The conclusion of the court that the employer failed in its duty to furnish to its employees a safe place to work was clearly correct.

The appellee, however, contends that the case is governed by the "simple tool" doctrine that an employer is not ordinarily liable for defects in tools of simple construction, because usually no danger to the employee is to be apprehended from defects therein and because the employee has a better opportunity than the employer to observe the defects, if any, and guard himself against them. This rule was approved for the reasons stated in Tucker v. Holly Hill Lumber Co., 200 S.C. 259, 20 S.E.2d 704. See also Langston v. Fiske-Carter Const. Co., 180 S.C. 113, 185 S.E. 62; Newbern v. Great Atlantic & Pacific Tea Co., 4 Cir., 68 F.2d 523, 91 A.L.R. 781.

It is manifest, however, that the facts give no place for the application of the doctrine in this case. In Tucker v. Holly Hill Lumber Co., supra, a simple tool is described as an instrument of manual operation. In the instant case no tools were required but only a place to stand on to do the work, boards being used for this purpose, and the deficiency which led to the accident lay in the mechanical arrangement of the place in which the work was done. In that respect the facts resemble those in Boling v. Woodside Cotton Mills, 171 S.C. 34, 171 S.E. 9, where ladders defectively braced were used to install heavy overhead pipes and it was held that although a ladder may be considered a simple tool, the faulty arrangement of the equipment amounted to a failure to furnish a safe place to work. See also Nance v. Swift & Co., 180 S.C. 470, 186 S.E. 389.

Moreover, it may be doubted whether the "simple tool" doctrine, which has been described as merely an application of the doctrine of the assumption of the risk, may now be invoked in South Carolina by an employer who having rejected the Workmen's Compensation statute of the state is denied the right to defend any suit instituted by an employee on the ground that the employee had assumed the risk of injury. In Tiller v. Atlantic Coast Line R. R. Co., 318 U.S. 54, 63–64, 63 S.Ct. 444, 87 L.Ed. 610, it was held that the "simple tool" doctrine and other vestiges of the assumption doctrine were swept into the discard by the Federal Employers' Liability Act; and in Bath Mills, Inc., v. Odom, 4 Cir., 168 F.2d 38, we pointed out the similarity in cases of negligence between the defenses available to an employer under the Federal Employers' Liability

Act, 45 U.S.C.A. § 51 et seq., and those available to an employer in South Carolina who has elected not to operate under the South Carolina Workmen's Compensation law.

Affirmed.